IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**C.S.,**                                            CASE NO. 3:25 CV 2322

       Plaintiff,

       v.                                             JUDGE JAMES R. KNEPP II

**STAY INN, et al.,**

       Defendants.                         **ORDER**

Currently pending before the Court are motions contesting whether Plaintiff, currently identified only as "C.S.," should be permitted to proceed pseudonymously in this case. *See* Docs. 3, 7, 8. For the following reasons, the Court grants Plaintiff's request to proceed pseudonymously.

As a rule, actions must be prosecuted in the name of the real party in interest, Fed. R. Civ. P. 17(a)(1), and a complaint must state the names of the parties, Fed. R. Civ. P. 10(a). "Plaintiffs are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to this rule." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) (referring to Rule 10(a)). Whether to allow a party to proceed under a pseudonym is committed to the sound discretion of the Court but should be permitted only if the privacy interests of the party seeking anonymity substantially outweigh the strong presumption in favor of open judicial proceedings. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

This determination is informed by several, non-exclusive considerations, including: (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking

criminal prosecution; and (4) whether the plaintiff is a child. *Id.* (quoting *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). In arriving at its conclusion, the Court must "start from the premise that proceeding pseudonymously is the exception rather than the rule." *Doe v. Franklin Cnty.*, 2013 WL 5311466, at *2 (S.D. Ohio) (citation omitted). "Other factors that may be considered include whether the plaintiff would risk suffering injury if identified and whether the defendant would be prejudiced by the plaintiff's proceeding anonymously." *Doe v. FedEx Ground Package Sys., Inc.*, 2021 WL 5041286, at *5 (M.D. Tenn.) (citations omitted).

The parties agree only the second factor – that the suit will compel Plaintiff to disclose information of the "utmost intimacy" – is at issue here. *See* Doc. 7, at 4; Doc. 8, at 3.

"[A] district court has discretion to allow a plaintiff to proceed anonymously when that 'plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings.'" *Doe v. St. Edward High Sch.*, 2022 WL 2717018, at *3 (N.D. Ohio) (quoting *Porter*, 370 F.3d at 560). And "[m]any federal courts have exercised this discretion to authorize fictious names for plaintiffs who are sexual assault victims because their cases involve information of the 'utmost intimacy.'" *Id.* (collecting cases); *see also Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses."); *Doe v. Athens Cnty.*, 2022 WL 787868, at *1 (S.D. Ohio) ("Courts throughout the country have routinely found that the privacy interests of alleged sexual assault victims outweigh the presumption in favor of openness."). As Plaintiff points out, courts have at times allowed a plaintiff to proceed pseudonymously "even when a plaintiff's immediate community knows about sexual assault allegations generally" in order "to mitigate the additional trauma of having his name and assault committed to the public record." *St. Edward High Sch.*, 2022 WL 2717018, at *4

(citation omitted). To be sure, as Defendants point out, other courts have found the opposite. *See, e.g.*, *Doe v. Wolowitz*, 2002 WL 1310614, at *2 (E.D. Mich).

In this case, Plaintiff brings suit against her former employer alleging she was sexually assaulted by her supervisor at her place of employment. *See* Doc. 1. She brings a federal claim for violations of Title VII of the Civil Rights Act of 1984, as well as claims under Ohio state law. She seeks to proceed pseudonymously, asserting publicity of her identity "will cause further unwarranted trauma to her." *Id.* at 1. Plaintiff further asserts her identity is known to Defendants. *Id.* Here, Plaintiff has presented a sufficient basis for the Court to conclude her privacy interest substantially outweighs the presumption of open court proceedings.

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion for Protective Order (Doc. 3), and Cross-Motion to Proceed Pseudonymously (Doc. 8) be, and the same hereby are, GRANTED; and it is

FURTHER ORDERED that Defendants' Motion to Dismiss (Doc. 7) be, and the same hereby is, DENIED.

    s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: January 9, 2026